UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ingrid Paola Sauceda Henrriquez, and<br><br>A.C.S. and P.S.H., minors, by and through their mother, Ingrid Paola Sauceda Henrriquez<br><br>　　　　　　　Petitioners,<br><br>v.<br><br>Kristi Noem, in her Official Capacity, Secretary of the U.S. Department of Homeland Security;<br><br>Pamela Bondi, in her Official Capacity, Attorney General of the United States<br><br>Joseph B. Edlow, Director of U.S. Citizenship and Immigration Services;<br><br>Marcos Charles, Acting Executive Associate Director, ICE Enforcement and Removal Operations;<br><br>　　　　　　　Respondents. | Case No.　　　　(To be Assigned)<br><br>Judge: Hon. _____<br>Magistrate Judge: _____<br><br>No request for jury trial<br><br>**PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**<br><br>**ORAL ARGUMENT REQUESTED** |

**COMES NOW**, Petitioners, Ingrid Paola Sauceda Henrriquez, and A.C.S. and P.S.H., minors, by and through their mother, Ingrid Paola Sauceda Henrriquez, bring this Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief pursuant to 28 U.S.C. § 2241; the All Writs Act, 28 U.S.C. § 1651; the Immigration and Nationality Act ("INA") and regulations thereunder; the Administrative Procedure Act; and the Suspension Clause of the Constitution, U.S. Const. Art. I § 9, cl. 2. The efforts to remove Petitioners constitute a "severe restraint" on their individual libertiey such that Petitioners are "in custody"

1

of the Respondents in violation of the . . . laws of the United States. *Hensley v. Municipal Court,* 411 U.S. 345, 351 (1973); 28 U.S.C. § 2241, including the Immigration Nationality Act, 8 U.S.C. § 1101 et seq.; the Administrative Procedure Act, 5 U.S.C. § 701 et seq,; and the Due Process Clause of the Fifth Amendment of the United States Constitution.

1. Petitioner was detained by ICE today, December 20, 2025 and upon information and belief, is currently being held at 26 Federal Plaza, New York, New York 10728.

2. Pursuant to this Court's inherent powers in habeas corpus proceedings, Petitioners respectfully request that this Court enjoin Respondents from effectuating their removal from the United States and order their immediate release from custody, or in the alternative, or enjoin Respondents from continuing to detain them unlawfully.

3. The Immigration Court and the Board of Immigration Appeals have expressly disclaimed jurisdiction to review or redetermine custody in light of *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), which held that Immigration Judges lack authority to conduct bond hearings for individuals charged removable under certain provisions of the Immigration and Nationality Act. As a result, Petitioner is left without an adequate or available administrative remedy, and only this Honorable Court possesses jurisdiction under 28 U.S.C. § 2241 to review the legality of his continued detention and to grant appropriate relief. *See I.N.S. v. St. Cyr*, 533 U.S. 289, 314, 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001) (recognizing federal habeas jurisdiction where no other judicial forum is available to test the legality of executive detention).

## I.  PARTIES

4. Ms. Ingrid Paola Sauceda Henrriquez ("Petitioner" is a 37-year-old native and citizen of Honduras who entered the United States on or about August 6, 2021 and has remained continuously present in the United Stats since that time. She currently has a pending Application

for T Nonimmigrant Status before the United States Citizenship and Immigration Services ("USCIS"), as a victim of a severe form of human trafficking. Petitioner, A.C.S., a minor, has an approved Petition for Special Immigrant Juvenile and Deferred Action from Removal. Petitioner, P.C.S., a minor, is a United States Citizen.

5. Respondent, Kristi Noem, is the Secretary of the U.S. Department of Homeland Security ("DHS"), the federal agency responsible for enforcing Petitioner's arrest, detention and removal. Respondent Noem's address is 2707 Martin Luther King Jr. Ave, SE Washington, DC 20528-0485.

6. Respondent Pamela Bondi is named in her official capacity as the Attorney General of the United States. In this capacity, she is responsible for the administration of the immigration laws as exercised by the Executive Office for Immigration Review, pursuant to section 103(g) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1103(g). She routinely transacts business in the Western District of Pennsylvania, is legally responsible for administering Petitioner's removal proceedings and the standards used in those proceedings, and as such, is the legal custodian of Petitioner. Respondent Bondi's address is U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, District of Columbia 20530.

7. Respondent, Joseph B. Edlow, is the Senior Official Performing the Duties of the Director of U.S. Citizenship and Immigration Services, the federal agency responsible for adjudicating Petitioner's T visa application. His address is 5900 Capital Gateway Drive, Mail Stop 2120, Camp Springs, MD 20588-0009.

8. Respondent, Marcos Charles is the U.S. Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) Acting Executive Associate Director for the New York City Office. His address is 26 Federal Plaza, 9th Floor, New York, New York 10278.

## II.  JURISDICTION & VENUE

9. The Court has jurisdiction under the Suspension Clause. The Suspension Clause provides, "The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. Art. I § 9, cl. 2. This Court has habeas corpus jurisdiction pursuant to 28 U.S.C. §§ 2241 *et seq.*, as protected under Art. I § 9, cl. 2 of the United States Constitution (Suspension Clause), and federal question jurisdiction under 28 U.S.C. § 1331. This case arises under the United States Constitution; the INA, 8 U.S.C. §§ 1101 *et seq.*; the APA, 5 U.S.C §§ 701 *et seq.*; the Due Process Clause of the Fifth Amendment and the Fourth Amendment.  Petitioners' current detention as enforced by Respondents constitutes a "severe restraint[] on [Petitioners'] individual liberty," such that Petitioners are "in custody in violation of the . . . laws . . . of the United States." *See Hensley,* 411 U.S. at 351 (1973); 28 U.S.C. § 2241(c)(3).

10. Federal district courts have jurisdiction under 28 U.S.C. § 2241(d) to hear habeas claims by noncitizens challenging the lawfulness or constitutionality of Respondents' conduct. *See Demore v. Kim*, 538 U.S. 510, 516–517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). No Supreme Court or Second Circuit precedent applicable to immigration detainees, nor the habeas statute, indicate that venue is not proper in the Southern District Court of New York. *See* 28 U.S.C. § 2241. Venue is proper in the United States District Court for the Southern District of New York because a substantial part of the events and omissions giving rise to this action occurred in the District. 28 U.S.C. § 1391(b)(2). Upon information and belief, Petitioners are currently being held at 26 Federal Plaza, New York, New York 10278.

## III. FACTS GIVING RISE TO THE HABEAS PETITION

11. Petitioner is a 37-year-old native and citizen of Honduras. Petitioner first entered the United States on or about August 6, 2021 and has remained continuously present since that time. In 2025, Petitioner made an application for T Nonimmigrant Status as a victim of a severe form of human trafficking. *See* **Exhibit "A".** This Application is currently pending before the USCIS. Petitioner, A.C.S., is a Special Immigrant Juvenile with a grant of deferral of action from removal. *See* **Exhibit "B".** He is currently awaiting priority date availability to seek to adjust his status to Permanent Resident. Petitioner, P.S.H., a minor, is a United States Citizen. Upon information and belief, the child was taken into custody with a fever and has not received medical care for any condition presented. It is further believed that the conditions in existence at 26 Federal Plaza are not adequate for the custody and care of minors.

12. On or about December 20, 2025, Petitioner appeared with minor Petitioners to a routine ICE check in. There was no advance notice or advisal that she would be taken into custody by ICE. Upon information and belief, the Petitioner appeared to her appointment with the minor Petitioners, and was promptly arrested and detained and is being held at 26 Federal Plaza Federal building in New York.[1]

13. Petitioners' continued detention is especially unlawful because it includes the confinement of minor children in a federal office building not authorized or equipped for family detention. Petitioners have been held at or through 26 Federal Plaza under conditions that are the subject of ongoing federal court supervision and injunctive relief.

---

[1] The Flores Settlement Agreement establishes nationwide standards governing the custody and treatment of minor children in immigration detention.

14. An ICE administrative arrest warrant (Form I-200) is required by regulation before taking a noncitizen into custody, *see* 8 C.F.R. § 287.5(e)(2). Here, ICE did not produce any warrant prior to unlawfully arresting and detaining the Petitioners. Indeed, ICE failed to comply with 8 C.F.R. § 287.8(c)(2)(ii), which requires an officer to identify the legal authority for an arrest and provide documentation upon request. ICE has not articulated the specific statutory basis, whether § 1225(b), § 1226(a), or another authority, under which he was being taken into custody.

15. Petitioner is subject to a final order of removal pursuant to 8 U.S.C. §1231. However, she has filed an Application for T Nonimmigrant Status and, in connection with that application, has reported her trafficking victimization to a law enforcement agency. That report has been submitted and remains under review, and no law enforcement agency has contacted Petitioner to indicate that the investigation has concluded or been declined. Notwithstanding this pending review, ICE initiated enforcement action without engaging in required deconfliction, in violation of its own binding policy. ICE policy mandates that officers coordinate and deconflict with relevant law enforcement agencies before proceeding with enforcement action where an individual has reported trafficking or has a pending trafficking-based application. ICE's failure to do so renders Petitioner's detention arbitrary, unlawful, and contrary to agency policy.[2] *See* **Exhibit "C".**

16. Petitioners' arrest and detention are unlawful. ICE detained Petitioner with her minor children, one of who is United States Citizen of tender age who was experiencing a medical issue that required the attention of a doctor. This was conducted without a warrant, without

---

[2] ICE policy requires officers to deconflict enforcement actions where an individual has reported victimization or has a pending application for humanitarian relief, including T Nonimmigrant Status, to avoid interference with ongoing investigations and victim-protection processes. *See* ICE memorandum governing enforcement actions and victim-based immigration benefits.

probable cause, and without articulating any statutory authority for the seizure, in violation of the Fourth Amendment, the Due Process Clause, and 8 C.F.R. § 287.8.

17. Their detention also lacks any reasonable relation to the execution of a removal order, as the adult Petitioner is a trafficking victim with a pending Application for T Nonimmigrant Status with USCIS, one minor Petitioner has approved Special Immigrant Juvenile status and deferral action from removal, and the other minor petitioner is a United States Citizen. Their continued detention violates the Constitution and the Immigration and Nationality Act. Petitioners respectfully requests that this Court order their immediate release from custody.

## IV.    REQUIREMENTS OF 28 U.S.C. § 2243

18. The Court must grant the petition for writ of habeas corpus or order Respondents to show cause "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, Respondents must file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id*.

19. Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963), *overruled by Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977), and *abrogated by Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis added). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. I.N.S.,* 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

## V.     APPLICABLE LAW

### A.  Even If INA § 1231 Applies, Petitioners' Detention Is Unlawful

20.     Respondents will likely argue that Petitioners' detention is governed by INA § 241, 8 U.S.C. § 1231, because the adult Petitioner and one minor Petitioner is subject to a final order of removal. Even assuming arguendo that § 1231 applies, it does not authorize Petitioners' continued detention. Section 1231 permits detention only for the purpose of effectuating removal and only for so long as removal is reasonably foreseeable.

21.     Here, removal is not reasonably foreseeable. The adult Petitioner is a trafficking victim with a pending Application for T Nonimmigrant Status, and ICE policy requires restraint and deconfliction in precisely these circumstances. One minor Petitioner has approved Special Immigrant Juvenile status and deferred action from removal, reflecting DHS's affirmative determination that removal is not appropriate. The remaining minor Petitioner is a United States citizen and is not removable as a matter of law. Under these circumstances, detention serves no legitimate removal purpose and violates due process.

22.     Moreover, ICE's confinement of Petitioners at 26 Federal Plaza, a federal office building not authorized or equipped for civil detention, confirms that this is not detention reasonably related to the execution of a removal order. Where detention is untethered from removal and imposes severe liberty restraints on a trafficking victim and minor children, § 1231 cannot be read to authorize continued custody. Petitioners are therefore entitled to immediate release.

### B.  Detention at 26 Federal Plaza Independently Violates Due Process

23.     Petitioners' detention serves no lawful immigration purpose. The adult Petitioner is a trafficking victim with a pending T Nonimmigrant Status application, and her minor son has

8

approved Special Immigrant Juvenile status and deferred action from removal. DHS has therefore already determined that removal is not appropriate. Continued detention under these circumstances is not authorized by statute, is arbitrary, and violates due process. The unlawfulness of that detention is compounded by ICE's confinement of Petitioners at 26 Federal Plaza, a federal office building that is not authorized or equipped for civil detention, particularly of minors and trafficking victims.

### C. Petitioner's Detention Violates the Fifth Amendment's Due Process Clause

24. The Due Process Clause applies to all persons in the United States, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. at 693; *see also Yick Wo v. Hopkins*, 118 U.S. 356 (1886). The Supreme Court declared "that the Due Process Clause protects individuals against two types of government action" giving rise to distinct claims of substantive and procedural due process violations. *United States v. Salerno,* 481 U.S. 739, 746 (1987). Thus, "the touchstone of due process is protection of the individual against arbitrary action of government … whether the fault lies in the denial of fundamental due process fairness [procedural due process] … or in the exercise of power without any reasonable justification in the service of a legitimate government objective [substantive due process]…" *City of Sacramento v. Lewis*, 523 U.S. 833 (1998) (citations and internal quotations omitted).

25. Procedural due process constrains governmental decisions that deprive individuals of property or liberty interests within the meaning of the Due Process Clause of the Fifth Amendment. *See Matthews v. Eldridge*, 424 U.S. 319, 332 (1976); *see also Perry v. Sindermann*, 408 U.S. 593, 601–03 (1972) (reliance on informal policies and practices may establish a legitimate claim of entitlement to a constitutionally-protected interest). Infringing upon a protected interest triggers a right to a hearing before that right is deprived, and a right to

9

meaningful process afforded at a meaningful time. *See Bd. of Regents v. Roth*, 408 U.S. 564, 569–70 (1972). "'Substantive due process' prevents the government from engaging in conduct that 'shocks the conscience,'… or interferes with rights 'implicit in the concept of ordered liberty.'" *Salerno*, 481 U.S. at 746. (internal citations omitted).

26. Respondents' power to detain and deport someone is not limitless, nor is it shielded from judicial review. *See Calderon v. Sessions,* 330 F. Supp. 3d 944, 950 (S.D.N.Y. 2018) *appeal withdrawn sub nom. Villavicencio Calderon v. Sessions*, No. 18-2926, 2018 WL 6920377 (2d Cir. Oct. 5, 2018) (ordering a stay of removal and release from detention to permit the Petitioner to continue with the provisional waiver process afforded by the government); *You Xiu Qing v. Nielsen*, 321 F.Supp.3d 451 (S.D.N.Y. 2018) (ordering a stay of removal and release from detention to permit the Petitioner to continue with the provisional waiver process and a motion to reopen); *S.N.C. v. Sessions,* No. 18 2018 WL 6175902, (S.D.N.Y. Nov. 26, 2018); *Compere v. Nielsen*, 2019 WL 332193, at *9 (D.N.H. Jan. 24, 2019) (granting a stay of removal for petitioner because deportation to Haiti would vitiate his ability to pursue an appeal to the BIA of the IJ's denial for a motion to reopen); *Lin v. Nielsen*, 2019 WL 1958569 at *15 (D. Md. May 2, 2019) (court found that a preliminary injunction was "in the public interest, as it requires DHS to comport with its own rules and regulations, and bars arbitrary and capricious action towards vulnerable undocumented immigrants."); *see also Martinez v. Neilsen*, 341 F.Supp.3d 400 (D.N.J. Sept. 14, 2018); *Fatty v. Nielsen*, 2018 WL 3491278 at *2 (W.D. Wash. Jul. 20, 2018); *Gutierrez-Soto v. Sessions*, 317 F. Supp. 3d 917, 933-35 (W.D. Tex. 2018); *Jimenez v. Nielsen*, No. CV 18-10225-MLW, 2018 WL 4539687 (D. Mass. Sept. 21, 2018); *Sied v. Nielsen*, 2018 WL 1142202 (N.D. Cal. Mar. 2, 2018); *Ragbir v. Sessions*, 2018 WL 623557 (S.D.N.Y. Jan. 29, 2018); *Ibrahim v. Acosta*, No. 17-CV-24574, 2018 WL 582520 (S.D. Fla. Jan. 26, 2018);

10

*Chhoeun v. Marin*, 306 F. Supp. 3d 1147 (C.D. Cal. 2018); *Rombot v. Souza*, 296 F. Supp. 3d 383 (D. Mass. 2017).

27. "Habeas corpus is at its core, an equitable remedy." *Schlup v. Delo*, 513 U.S. 298, 319 (1995). Judges have "broad discretion" to fashion an appropriate remedy. It may extend beyond simply ordering the release of a petitioner, *Carafas v. La Vallee*, 391 U.S. 234 (1968), and is to "be administered with the initiative and flexibility essential to ensure that miscarriages of justices within its reach are surfaced and corrected." *Harris v. Nelson*, 394 U.S. 286, 291 (1969). Habeas corpus "never has been a static, narrow, formalistic remedy; its scope has been to achieve its grand purpose - the protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). At its historical core, habeas corpus "has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474 (2004) (citations omitted). These protections extend fully to noncitizens subject to an order of removal. *See I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001); *see also Martinez v, McAleenan*, 385 F.Supp.3d 349, 355 ("Due to its talismanic significance in protecting individual liberty from unlawful detention, habeas corpus is fundamentally governed by equity. The Supreme Court has granted the writ when justice has so required.") (citing *Munaf v. Grren*, 128 S.Ct. 2207 (2008) and *Carafas v. LaVallee*, 392 U.S. 234 (1968)). The Supreme Court has noted the writ's "scope and flexibility--its capacity to reach all manner of illegal detention--its ability to cut through barriers of form and procedural mazes." *Harris*, 394 U.S. at 291.

28. In the present case, there is no indication that Petitioners' detention is temporary or limited to a brief period necessary to effectuate removal. To the contrary, Petitioners have been detained despite pending and approved immigration petitions that preclude removal. The

11

adult Petitioner is a victim of human trafficking with a pending Application for T Nonimmigrant Status. One minor Petitioner has approved Special Immigrant Juvenile status and has been granted deferred action from removal. The youngest minor Petitioner is a United States citizen and is not removable as a matter of law.

29. These facts confirm that Petitioners' continued detention is not reasonably related to the execution of a removal order and therefore exceeds any authority conferred by the Immigration and Nationality Act. DHS has already determined, through its own adjudications, that removal is either not appropriate or not legally permissible for each Petitioner. Continued detention under these circumstances is arbitrary, serves no legitimate immigration purpose, and violates due process. Petitioners are therefore entitled to immediate release from custody.

**D. Respondents' Conduct Violates the Administrative Procedure Act (5 U.S.C. §§ 701–706).**

30. Petitioners do not challenge the validity of any final order of removal or seek judicial review of removal proceedings. Rather, they challenge Respondents' post-order detention conduct and enforcement actions, which are independent of the removal order and subject to review under the Administrative Procedure Act. After the entry of a final order, ICE remains bound by statutory limits on detention authority, mandatory agency regulations, and its own binding policies. Respondents' failure to comply with those constraints, including their disregard of required deconfliction procedures and their continued detention of Petitioners notwithstanding DHS's own non-removal determinations, constitutes agency action that is arbitrary, capricious, and contrary to law.

## VI.    CLAIMS FOR RELIEF

### Count I

### Habeas Corpus Under 28 U.S.C. § 2241 (Unlawful Executive Detention)

31.    Petitioners are unlawfully detained in violation of 28 U.S.C. § 2241 because DHS lacks statutory authority to continue their custody. Although the adult Petitioner is subject to a final order of removal, her continued detention is not authorized by INA § 241, 8 U.S.C. § 1231, because it is not reasonably related to the execution of a removal order. The adult Petitioner is a trafficking victim with a pending Application for T Nonimmigrant Status, one minor Petitioner has approved Special Immigrant Juvenile status and deferred action from removal, and the remaining minor Petitioner is a United States citizen who is not removable as a matter of law. Under these circumstances, removal is not reasonably foreseeable, and continued detention serves no legitimate immigration purpose. Petitioners' custody therefore exceeds DHS's statutory authority and violates due process.

### Count II

### Violation of the Fifth Amendment (Substantive and Procedural Due Process)

32.    Respondents' continued detention of Petitioners violates the Fifth Amendment's guarantees of substantive and procedural due process. Petitioners have been subjected to prolonged civil detention without any meaningful opportunity to be heard, without an individualized custody determination, and without consideration of less restrictive alternatives. Their detention is unrelated to any legitimate removal purpose and persists notwithstanding DHS's own determinations that removal is either not appropriate or not legally permissible. Under these circumstances, continued detention is arbitrary, excessive in relation to any asserted governmental interest, and constitutionally impermissible.

## Count III

### Violation of the INA and Administrative Procedure Act (5 U.S.C. §§ 701–706)

33. Respondents' continued detention of Petitioners following the entry of a final order of removal constitutes final agency action that is arbitrary, capricious, and contrary to law. Where removal is not reasonably foreseeable and DHS has made affirmative determinations precluding removal, continued detention exceeds statutory authority and violates the Administrative Procedure Act.

## Count IV

### Violation of the Suspension Clause (U.S. Const. Art. I § 9, cl. 2)

34. Respondents' continued detention of Petitioners violates the Suspension Clause by depriving them of any meaningful opportunity to challenge the legality of their custody. Petitioners have been subjected to prolonged civil detention without access to an Immigration Judge, without an individualized custody determination, and without any administrative mechanism to test whether their detention is authorized by statute or reasonably related to removal. In these circumstances, habeas corpus is the sole vehicle through which Petitioners may obtain judicial review of their detention. The Suspension Clause forbids the government from insulating executive detention from review in this manner. Where, as here, no alternative forum exists to adjudicate the legality of custody, Respondents' conduct amounts to an unconstitutional suspension of the writ as applied.

### VII.   REQUEST FOR RELIEF

35. Pending the adjudication of this Petition, Petitioner respectfully requests that the Court use its authority under 28 U.S.C. §2243 to order the Respondents to file a return within three days, unless they can show good cause for additional time. *See* 28 U.S.C. §2243. (Order to

show cause why a petition for a writ of habeas corpus should not be granted should be "returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

36. Petitioners respectfully request that Respondents be restrained from removing them from the United States pending adjudication of this Petition and the resolution of Petitioners' pending immigration protections. Removal prior to judicial review would irreparably harm Petitioners by foreclosing their ability to pursue relief for which they are statutorily eligible, including protection-based applications currently before DHS, and would render this Court's review of Petitioners' detention meaningless.

37. Without this Court's intervention, the Respondents will seek to remove Petitioners in violation of law and inflict further cruel and unnecessary harm on Petitioners. Petitioners requests that this Court issue an order that Respondents must notify the Court and Petitioners's counsel five days prior to any removal of Petitioners.

38. Petitioners respectfully request release from detention pending resolution of this Petition and adjudication of their pending immigration protections. The adult Petitioner is a victim of human trafficking with a pending Application for T Nonimmigrant Status. One minor Petitioner has approved Special Immigrant Juvenile status and deferred action from removal, and the remaining minor Petitioner is a United States citizen who is not removable as a matter of law. Continued detention under these circumstances is unlawful, interferes with Petitioners' ability to pursue the relief for which they are statutorily eligible, and serves no legitimate immigration purpose.

39. Absent intervention by this Court, Respondents may seek to remove Petitioners notwithstanding the lack of statutory authority to do so and the pendency of protection-based relief. Such action would cause irreparable harm, frustrate the humanitarian protections Congress

created, and render this Court's review of Petitioners' detention ineffective. Petitioners therefore respectfully request that the Court order Respondents to provide advance notice to the Court and to counsel prior to any attempted removal, and to grant such further relief as justice requires.

## VIII. EXHAUSTION OF REMEDIES

40. Petitioners' claims regarding the constitutionally inadequate process and unlawful deprivation of liberty are not subject to any statutory requirement of administrative exhaustion. *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). To the extent that prudential concerns might lead the Court to consider exhaustion as a discretionary matter, Petitioner has taken all reasonable steps available to him within the administrative framework.

41. Moreover, neither the Immigration Judge nor the Board of Immigration Appeals have jurisdiction to adjudicate the constitutional claims raised in this habeas petition. These claims fall squarely within the purview of this Court.

42. Finally, Petitioners face irreparable harm absent judicial intervention. They remain subject to continued civil detention despite the absence of any lawful removal purpose, are exposed to ongoing psychological and emotional harm, and face the risk of premature removal that would foreclose meaningful judicial review of their claims. Because the administrative process provides no forum to adjudicate the legality of Petitioners' continued detention, exhaustion would be futile and is not required. *See McCarthy v. Madigan*, 503 U.S. 140, 146–49 (1992); *INS v. St. Cyr*, 533 U.S. 289, 314 (2001)

## IX. REQUEST FOR ORAL ARGUMENT

43. Petitioners respectfully requests oral argument on this Petition.

## X.     PRAYER FOR RELIEF

WHEREFORE, Petitioners respectfully requests that this Court:

1. Assume jurisdiction over this matter;

2. Issue a Writ of Habeas Corpus on the ground that Petitioners' continued detention violates the Due Process Clause and order Petitioner's immediate release;

3. In the alternative, issue injunctive relief ordering Respondents to immediately release Petitioners on the ground that his continued detention violates the Due Process Clause;

4. Enjoin Respondents from removing Petitioners from the United States;

5. Order Respondents file a return within three days pursuant to 28 U.S.C. § 2243.

6. Declare that the process as applied to Petitioners by Respondents violates the Suspension Clause, the Due Process Clause of the Fifth Amendment, the Fourth Amendment, the INA, the APA, and federal regulations;

7. Issue a writ of habeas corpus directing Respondents to pursue a constitutionally adequate process to justify adverse immigration actions against Petitioners;

8. Order Respondents to provide five days of notice to the Court and Petitioners of their imminent removal;

9. Award Petitioners his costs and reasonable attorney's fees in this action as provided for by the Equal Access to Justice Act, 28 U.S.C. §2412, or other statutes;

10. Grant such further relief as the Court deems just and proper.

Dated: White Plains, New York
       December 20, 2025

Respectfully submitted,

By:    */s/ Andrea C. Soto*
_____

Andrea C. Soto, Esq.
Soto Law, PLLC
445 Hamilton Avenue, Suite 407
White Plains, New York 10601
T : 914-290-4900 / F: 914-898-9100
E: asoto@andreasotolaw.com