UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

INGRID PAOLA SAUCEDA HENRIQUEZ, and
A.C.S and P.S.H., minors by and through their
mother, Ingrid Paola Sauceda Henriquez,

                        Petitioners,

        v.

KRISTI NOEM, in her official capacity, Secretary
of the U.S. Department of Homeland Security,
PAMELA BONDI, in her Official Capacity,
Attorney General of the United States, JOSEPH B
EDLOW, Director of U.S. Citizenship and
Immigration, MARCOS CHARLES, Acting
Executive Associate Director, ICE Enforcement and
Removal Operations, JEFFREY OESTERICHER

                        Respondents.

**MEMORANDUM AND ORDER**

25-cv-07023-LDH

---

LASHANN DEARCY HALL, United States District Judge:

On December 20, 2025, Ingrid Paola Sauceda Henriquez, as well as A.C.S. and P.S.H.,

minors by and through their mother, Ingrid Paola Sauceda Henriquez (together, "Petitioners"),

filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241; the All Writs Act (the

"AWA"), 28 U.S.C. § 1651; the Immigration and Nationality Act (the "INA"); the

Administrative Procedures Act (the "APA"); and the Suspension Clause of the United States

Constitution, U.S. Const. Art. I § 9, seeking Petitioners' release from detention, pending

adjudication of the Petition and Petitioner Sauceda Henriquez's Application for T Nonimmigrant

Status, and a stay of an order to remove Petitioners from the United States, pending adjudication

of their petition for writ of habeas corpus.  (Pet. Writ of Habeas Corpus ("Pet."), ECF No. 1.)

On December 22, 2025, following a notice of deficient pleading, Petitioners filed the instant

petition for writ of habeas corpus (the "Petition") seeking identical relief.  (Refiled Pet. Writ of

Habeas Corpus ("Refiled Pet."), ECF No. 7.)

## BACKGROUND[1]

Petitioner Sauceda Henriquez, thirty-seven-year-old, and Petitioner A.C.S., a minor, are

Honduran nationals.  (Refiled Pet. ¶ 4.)  Petitioner P.S.H., a minor, is a citizen of the United

States.  (*Id.*)

I.    **Petitioners' Arrival in the United States and Subsequent Applications to the United**

**States Citizenship and Immigration Services ("USCIS")**

On or about August 6, 2021, Petitioners Sauceda Henriquez and A.C.S. arrived in the

United States at a port of entry near Roma, Texas.  (Decl. of Kim Haynes ("Haynes Decl.") ¶¶ 3-

4, ECF No. 10-1; *see* Refiled Pet. ¶ 4.)  Petitioners Sauceda Henriquez and A.C.S. encountered

United States Customs Border Protection ("CBP") officers, who determined that Petitioners

Sauceda Henriquez and A.C.S unlawfully entered the United States.  (Haynes Decl. ¶ 4.)

Petitioners Sauceda Henriquez and A.C.S. were arrested at that time and transported to the

Donna Texas Holding Facility for further processing.  (*Id.*)  The following day, Petitioners

Sauceda Henriquez and A.C.S. were served a Notice to Appear ("NTA"), which charged them as

inadmissible under the Immigration and Nationality Act and advised them to appear before an

immigration judge.  (*Id.* ¶ 5.)  Petitioners Sauceda Henriquez and A.C.S. were released pursuant

---

[1] In outlining the relevant facts to this Order, the Court relies on the Petition, Respondent Noem, Bondi, Edlow, Charles, and Oestericher's (together, "Respondents") memorandum in opposition to the Petition, and evidence submitted by the parties, including, to the extent they are uncontested, a declaration submitted by Respondents.  *See Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *2 n.1 (E.D.N.Y. Oct. 6, 2025) ("The Court relies on evidence submitted by the parties in outlining the relevant facts to this order. This includes, to the extent they are uncontested, declarations submitted by . . . Respondents."); *Munoz Materano v. Arteta*, No. 25 CIV. 6137 (ER), 2025 WL 2630826, at *1 n.1 (S.D.N.Y. Sept. 12, 2025) ("The following facts are primarily drawn from [the petitioner's] *habeas* petition, . . . [the r]espondents' opposition, [and] Respondents' declaration in support thereof." (internal citations omitted).)  The facts recited here are undisputed unless otherwise noted.

to an Order of Release on Recognizance.  (*Id.* ¶¶ 5-6; *see id.* ¶ 23.)  Thereafter, Petitioner P.S.H. was born in the United States.  (*See id.* ¶ 4; Refiled Pet. ¶ 4.)

On April 25, 2022, Petitioners Sauceda Henriquez and A.C.S. appeared for a hearing before an immigration judge, at which they admitted to the allegations included in the NTA. (Haynes Decl. ¶ 10.)  On July 8, 2022, at an "individual merits hearing," Petitioners Sauceda Henrique and A.C.S. were ordered removed to Honduras by an immigration judge.  (*Id.* ¶ 11.) Petitioner Sauceda Henriquez and A.C.S. subsequently appealed the order of removal to the Board of Immigration Appeals ("BIA").  (*Id.* ¶ 12.)  On December 28, 2023, the BIA dismissed the appeal, and Petitioners Sauceda Henriquez and A.C.S.'s order of removal became administratively final.  (*Id.* ¶¶ 12-13.)

At some point thereafter, Petitioner A.C.S. filed a Form I-360 Petition for Amerasian, Widow(er), or Special Agreement ("Form I-360") with the USCIS.  (*See Id.* ¶ 14; Refiled Pet. ¶ 4.)  Petitioner A.C.S.'s Form I-360 petition was approved on January 7, 2024, resulting in Petitioner A.C.S.'s classification as a Special Immigrant Juvenile.  (*Id.* ¶ 14; Refiled Pet. ¶ 4.) Additionally, USCIS separately granted Petitioner A.C.S. a deferred action from removal. (Haynes Decl. ¶ 14; Refiled Pet. ¶ 4.)  On March 10, 2025, Petitioner Sauceda Henriquez filed a Form I-360, two separate Form I-485 Application to Register Permanent Residence to Adjust Status ("Form I-485"), a Form I-601 Application for Waiver of Grounds of Inadmissibility ("Form I-601"), a Form I-765 Application for Employment Authorization ("Form I-765"), and a Form I-131 Application for Travel Documents, Parole Documents, and Arrival/Departure Records ("Form I-131").  (Haynes Decl. ¶ 16.)  Petitioner Sauceda Henriquez's Form I-765 was the only application approved by USCIS.  (*Id.*)  According to Petitioner Sauceda Henriquez, On March 13, 2025, Petitioner Sauceda Henriquez filed a motion to reopen her removal proceedings

with the BIA, on the basis of her pending Form I-360. (*Id.* ¶ 17.) Petitioner Sauceda

Henriquez's motion was subsequently denied for failure to pay the required filing fee and failure

to include a change of address form. (*Id.*) On June 4, 2025, Petitioners Sauceda Henriquez and

A.C.S. filed a motion to reopen their removal proceeding and a motion for an emergency stay

with the BIA, which was subsequently denied. (*Id.* ¶ 18; *see id.* ¶ 20.) On June 25, 2025,

Petitioner Sauceda Henriquez made an application for "T Nonimmigrant Status" as a victim of a

"severe form" of human trafficking. (Refiled Pet. ¶ 11; *see* Refiled Pet., Exhibit A ("T Visa

Receipt Notices"), ECF No. 7-1.) According to Petitioner Sauceda Henriquez, her application

for "T Nonimmigrant Status" is still pending. (Refiled Pet. ¶ 11.)

## II. U.S. Immigration and Customs Enforcement ("ICE") Effectuates an Order of Removal as to Petitioners

On December 12, 2025, USCIS issued a termination notice as to Petitioner A.C.S.'s

deferred action for removal. (Haynes Decl. ¶ 22.) On December 20, 2025, Petitioners

encountered ICE agents at 26 Federal Plaza, New York, New York, during Petitioners Sauceda

Henriquez and A.C.S.'s routine check in appointment with ICE. (*Id.* ¶ 23; Refiled Pet. ¶ 12.) On

the same day, the Order of Release on Recognizance as to Petitioners Sauceda Henriquez and

A.C.S. was terminated and Petitioners were detained for the purpose of Petitioners Sauceda

Henriquez and A.C.S.'s removal to Honduras. (Haynes Decl. ¶ 23; Refiled Pet. ¶ 12.)

According to Petitioners Sauceda Henriquez and A.C.S., they received no notice that they would

be detained prior to Petitioners detainment. (Refiled Pet. ¶ 12.) The parties dispute whether a

warrant of removal was produced prior to Petitioners Sauceda Henriquez and A.C.S. being taken

into custody. (Haynes Decl. ¶ 23; *but see* Refiled Pet. ¶¶ 14, 16.) Upon Petitioners Sauceda

Henriquez and A.C.S.'s detainment, ICE agents inquired whether Petitioner Sauceda would like

to maintain custody of Petitioner P.S.H. or leave Petitioner P.S.H. in the care of her family. (Haynes Decl. ¶ 24.) Petitioner Sauceda Henriquez decided to retain custody of Petitioner P.S.H. (*Id.*) On December 20, 2025, Petitioners were transported to temporary accommodations at a hotel near LaGuardia Airport. (*Id.* ¶ 25.) On December 21, 2025, Petitioners departed from Newark International Airport. (*Id.* ¶ 26.) On the same day, following Petitioners departure from Newark, Judge Vernon S. Broderick ordered that Petitioners not be removed from the Southern or Eastern Districts of New York, the District of New Jersey, and the United States. (*Id.* ¶ 27; Order, Dec. 21, 2025, ECF No. 5.) On December 22, 2025, Petitioners arrived in Dallas and were transported to Alexandria, Louisianna, where they were then taken to the airport pending a removal flight to Honduras. (Haynes Decl. ¶ 28.) However, pursuant to Judge Broderick's December 21, 2025 order, Petitioners were not removed and were instead transported to a hotel in Alexandria, Louisianna. (*Id.*) Thereafter, Petitioners were transported to temporary accommodations at a hotel in or near Dilley, Texas, where they remain pending the stay of removal. (*Id.* ¶¶ 26-29, 32.)

III.    **Procedural History**

On December 20, 2025, Petitioners initiated the instant action by filing the Petition in the United States District Court for the Southern District of New York. (Pet.) By order dated December 21, 2025, Judge Vernon S. Broderick directed that: Petitioners not be removed from the United States; Respondents show cause, on or before December 24, 2025, why the Petition should not be granted; and Petitioners file any reply on or before January 1, 2026. (Order, Dec. 21, 2025.)

On December 22, 2025, the instant action was transferred to the United States District Court for the Eastern District of New York. (Order, Dec. 22, 2025, ECF No. 6.) By order dated

December 24, 2025, the Court directed the parties to adhere to the briefing schedule as to the Petition ordered by Judge Broderick.  (Order, Dec. 24, 2025.)  On December 24, 2025, Respondents filed a memorandum of law in opposition to the Petition.  (Resp't's Mem. L. Opp'n. Pet. ("Resp't's Opp'n"), ECF No. 10.)  On December 30, 2025, Petitioners filed a reply. (Pet'rs' Reply Supp. Pet. ("Pet'rs' Reply"), ECF No. 11.)

**DISCUSSION**

In the instant matter, Petitioners seek the following relief:  (1) An order prohibiting Petitioners' removal from the United States—that is, a stay of the final removal order as to Petitioners—pending adjudication of the Petition, (Refiled Pet. ¶ 36); and (2) an order directing Petitioners be released from detention, pending adjudication of the Petition and Petitioner Sauceda Henriquez's Application for T Nonimmigrant Status, (Refiled Pet. ¶ 38).  Respondents argue that, pursuant to 8 U.S.C. §§ 1252(a)(5), (b)(9), and (g), the Court lacks jurisdiction to grant the requested relief.  (Resp't's Opp'n at 3-13.)  The Court agrees.  Accordingly, the Court must deny the Petition.

Pursuant to 8 U.S.C. § 1252, which governs judicial review of a final order of removal, federal district courts retain limited subject-matter jurisdiction to review challenges to orders of removals.  *See* 8 U.S.C. § 1252.  Specifically, § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals . . .  shall be the sole and exclusive means for judicial review of an order of removal."  Moreover, § 1252(b)(9) provides that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove a[ ] [noncitizen] from the United States . . . shall be available only in judicial review of a final order."  8 U.S.C. § 1252(b)(9).  Sections 1252(a)(5) and 1252(b)(9), taken together, have been interpreted by courts

in this circuit to mean that any issue—legal or factual—arising from "removal-related activity" is

reviewable only by petition to an appropriate court of appeals. *Asylum Seeker Advoc. Project v.*

*Barr*, 409 F. Supp. 3d 221, 224 (S.D.N.Y. 2019) (quoting *J.E.F.M. v. Lynch*, 837 F.3d 1026,

1031 (9th Cir. 2016); *see, e.g.*, *Metreveli v. Flanagan*, No. 25-CV-8039 (MKV), 2025 WL

3496754, at *3 (S.D.N.Y. Dec. 5, 2025) ("[Sections1252(a)(5) and 1252(b)(9)] work together to

channel all challenges to removal orders to the Circuit Court of Appeals."); *Turcio v. Noem*, No.

25-CV-05941 (MMG), 2025 WL 2124129, at *2 (S.D.N.Y. July 29, 2025) (same). That is, any

challenge as to a removal order or removal proceeding must be made to the Circuit Court of

Appeals. Further, § 1252(g) provides, in relevant part, that "no court shall have jurisdiction to

hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by

the Attorney General to commence proceedings, adjudicate cases, or execute removal orders

against any [noncitizen] under this chapter." 8 U.S.C. § 1252(g); *see also Troy as Next Friend*

*Zhang v. Barr*, 822 F. App'x 38, 39 (2d Cir. 2020).

Here, on July 8, 2022, Petitioners Sauceda Henriquez and A.C.S.'s, Honduran nationals,

(Refiled Pet. ¶ 4; Haynes Decl. ¶ 3), were ordered removed from the United States to Honduras.[2]

(Haynes Decl. ¶ 11.) Petitioners were subsequently detained for the purpose of effectuating their

removal. (Haynes Decl. ¶ 23; Refiled Pet. ¶ 12; *see* Haynes Decl. ¶¶ 25-28.) Petitioners now

seek relief in the form of an order prohibiting their removal from the United States to Honduras,

pending adjudication of the Petition. (Refiled Pet. ¶ 36.) That is, Petitioners request a stay of

their removal. (*Id.*) As the Second Circuit has made plain, "[a] stay of removal is a request to

delay the execution of a removal order." *Troy as Next Friend Zhang*, 822 F. App'x at 39. And,

under § 1252(g), district courts lack "jurisdiction to hear any cause or claim . . . arising from the

---

[2] Petitioners, however, readily concede that that the removal order against them is valid. (*See* Refiled Pet. ¶ 30 ("Petitioners do not challenge the validity of any final order of removal . . . . ").)

decision or action by the Attorney General to . . . execute removal orders against any

noncitizens."  8 U.S.C. § 1252(g); *Troy as Next Friend Zhang*, 822 F. App'x at 39.  As such, this

Court lacks jurisdiction to hear any claims related to Petitioners' removal order and, accordingly,

lacks the authority to provide Petitioners the relief they seek.

That Petitioners also challenge their detention as violative of due process, the

Administrative Procedures Act, and the Suspension Clause, (Refiled Pet. ¶¶ 32-34, 38), does not

alter the Court's inability to review the Petition.  Pursuant to §§ 1252(a)(5) and 1252(b)(9),

district courts are restricted from reviewing any challenges related to "removal-related activity";

instead, only a circuit may review such a petition.  *Asylum Seeker Advoc. Project*, 409 F. Supp.

3d at 224.  This limitation also applies to challenges that are "inextricably linked to" a removal

order.  *Oriakhi v. Dep't of Homeland Sec.*, 762 F. Supp. 3d 183, 185-86 (E.D.N.Y. 2025) (first

citing *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011); and then *Singh v. USCIS*, 878

F.3d 441, 445-46 (2d Cir. 2017)).  That is, § 1252(a)(5), as read in tandem with § 1252(b)(9),

expressly precludes not only "direct" challenges to removal orders, but also "indirect"

challenges.  *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011).  Courts in this circuit have

found that a challenge to a petitioner's detention, following an order of removal, constitutes such

an indirect challenge to an order of removal.  *See, e.g.*, *Lin v. Borgen*, No. 25-CV-05618

(MMG), 2025 WL 2158874, at *4 (S.D.N.Y. July 30, 2025) (concluding that "[p]etitioner's

request to release him from his current detention . . . is, in sum and substance, a challenge to his

final order of removal").  Similarly, here, Petitioners' requests for their release from detention is,

at bottom, a challenge to the final order of removal or, at top, a request that ICE be prohibited

from executing the final removal order, in hopes that USCIS will grant Petitioner Sauceda

Henriquez's pending Application for T Nonimmigrant Status, which, if granted, would obviate

the removal order as to Petitioners. Petitioners' attempt to recharacterize the challenges set forth in the Petition as otherwise, (*see* Refiled Pet. ¶ 30), is unpersuasive. Plainly, Petitioners' request to be released from detention is related to "removal-related activity." *Asylum Seeker Advoc. Project*, 409 F. Supp. 3d at 224. "Regardless of [Petitioners'] factual assertions and legal arguments," the challenges set forth are not reviewable by this Court under the plain language of §§ 1252(a)(5) and 1252(b)(9). *Oriakhi*, 762 F. Supp. 3d at 186.

## CONCLUSION

For the foregoing reasons, the Petition is DENIED for lack of jurisdiction. It is further ORDERED that the Order to Show Cause, (Order, Dec. 21, 2025, ECF. No. 5), restraining Respondents from removing Petitioners from the United States shall be in effect through 11:59 p.m. EDT on Thursday, January 29, 2026, to enable Petitioners to seek any relief from the Court of Appeals for the Second Circuit to the extent they so choose. *See* 28 U.S.C. § 1651. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      January 15, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge